**In re Guardianship of Robert M. Lutz, a Minor.**
**John P. Lutz, as Guardian of Robert M. Lutz, a Minor,**
**Appellee, v. Eugene E. Fayart and Louis E.**
**Fayart, Trading as Fayart and Son, Appellants.**

**Gen. No. 8,885.**

Heard in this court at the January term,' 1935. Opinion filed April 12, 1935. Rehearing denied July 8, 1935.

BROWN, HAY & STEPHENS, of Springfield, for appellants; LOGAN HAY, PAUL W. GORDON, LEIGH M. KAGY and CHARLES G. BRIGGLE, JR., all of Springfield, of counsel.

HOOPES & PEFFERLE, of Springfield, for appellee.

MR. JUSTICE ALLABEN delivered the opinion of the court.

On and prior to October 1, 1925, Cora C. Lutz was the duly appointed guardian of Robert M. Lutz. At that time appellants, Eugene E. Fayart and Louis E.

Fayart were, and ever since have been, partners, engaged in the real estate loan business, lending money upon real estate mortgages. On October 1, 1925, 20 promissory notes, each in the principal sum of $1,000, payable to the order of Eugene E. Fayart were executed by Mary J. Travers and William L. Travers, payable five years after date. To secure said notes the promisors executed a mortgage on an apartment building located in Springfield, Illinois, appraised at $41,200. On October 8, 1925, Cora C. Lutz, as guardian, purchased five of the 20 $1,000 notes, executed by the Travers, from the Fayarts, and the notes were indorsed by Eugene E. Fayart, the payee, without recourse. Appellants knew they were dealing with a guardian and that the money used to purchase these five $1,000 notes was the property of Robert M. Lutz, a minor. The investment of $5,000 of her ward's money in the Travers mortgage notes was reported to the probate court of Sangamon county in three annual reports filed in said probate court. All three reports were approved by said court, but no other approval of the investment or authorization to make the same was secured from said court. All interest was paid to April 1, 1930. When the principal notes matured October 1, 1930, they were not paid nor was the interest thereon paid, nor has anything been paid thereon since. At the request of appellants all of the notes were deposited with appellants to enable them to institute foreclosure proceedings. A bill was filed by Eugene Fayart and resulted in a decree and sale. At the master's sale the property was purchased by Eugene E. Fayart and a master's certificate of purchase issued to him. The notes were used to make up the purchase price, and no cash was advanced except for costs of suit, master's fees, commissions, and solicitors' fees, which were advanced by Eugene E. Fayart. A receiver was appointed and the net rents were used

to reimburse Eugene E. Fayart. No assignment of the mortgage was ever made, the legal title at all times being in Eugene E. Fayart. A master's deed was executed which ran to Eugene E. Fayart, individually. Thereafter a trust agreement was executed by all the noteholders, except Cora C. Lutz, as guardian, for the purpose of showing the trust upon which Fayart held the title for the benefit of the noteholders. Cora C. Lutz resigned as guardian and John P. Lutz was appointed as successor guardian. He is now the qualified and acting guardian. The property in question was worth at the time of trial approximately one-half of the mortgage notes.

This suit was instituted in the probate court on petition of John P. Lutz as guardian of Robert M. Lutz, a minor, for citation against Eugene E. Fayart and Louis E. Fayart, doing business as Fayart and Son, to show cause why they should not refund the $5,000 belonging to Robert M. Lutz, a minor, and used to purchase the notes heretofore mentioned. The probate court held that the appellants were indebted to Robert M. Lutz and ordered that said sum be turned over to John P. Lutz, as guardian together with interest at six per cent compounded annually from April 1, 1930.

From this decision Eugene E. Fayart and Louis E. Fayart perfected an appeal to the circuit court of Sangamon county. After a full hearing on the petition of John P. Lutz in the circuit court, the facts being stipulated in accordance with the facts heretofore recited, the circuit court ordered and decreed that Eugene E. Fayart and Louis E. Fayart jointly and severally were ordered and directed forthwith to pay and deliver to the petitioner, John P. Lutz, as guardian of Robert M. Lutz, a minor, the principal sum of $5,000 with interest thereon at the rate of six per cent per annum, compounded with annual rests from the 1st day of April, 1930, to this date, in the total aggregate

amount of $6,495.42 and costs, and that in default of such payment within 30 days execution should issue. From this order, entered September 28, 1934, appellants have appealed to this court.

Appellants maintain that the order of the circuit court was erroneous because the court held that the investment by the guardian in five of the 20 Travers notes all equally secured by a single first mortgage was not a legal investment for the guardian to make; and that the statute requires the guardian to apply to the probate court to make an investment before it is actually made.

Minors are the wards of the court, and it has ever been the policy in this State to protect their rights with zealous care. For the same reason our legislature has seen fit to limit with particularity the kind and character of investments which a guardian may make of the funds of a minor, and to further provide the safeguards of the supervision and approval of the probate court in the making of all investments. For the purposes of considering the question presented in this case it is proper at this time to set forth the provisions of the statute to which special attention should be directed. Cahill's St. ch. 64, ¶ 22 (chapter 64, Smith-Hurd Illinois Revised Statutes 1933, section 22, entitled "Investment of Ward's money") reads in part as follows: ". . . It shall be the duty of the guardian to put and keep his ward's money at interest upon security to be approved by the court. . . . Loans upon real estate shall be secured by first mortgage thereon and not to exceed one-half the value thereof. No mortgage loan shall be made for a longer time than five years nor beyond the minority of the ward: *Provided*, the same may be extended from year to year without the approval of the court."

The question that is presented here is whether or not the purchase by a guardian of five of the 20 notes

secured by the mortgage in question constituted a loan secured by a first mortgage as contemplated by the legislature. In this connection it should be borne in mind that the mortgage ran to Eugene E. Fayart, that same was not assigned by him but was held by him in his own name. The guardian never had the mortgage and the provisions of the same relative to foreclosure in case of default in payment of either principal or interest are not before this court. This matter was given consideration in the recently decided case entitled *In re Estate of Sargent,* 276 Ill. App. 312. In that case a conservator purchased a note for $1,500 which was a part of a series of notes for the total amount of $12,000, which were secured by a farm mortgage; also a note for $2,000 which was part of another farm mortgage loan in the total amount of $18,000. The duties of a conservator in making investments are set forth in Cahill's St. ch. 86, ¶ 18 (Smith-Hurd Illinois Revised Statutes 1933, ch. 86, section 18), and are substantially the same as the provisions of the statute concerning the limitations under which guardians shall make investments, heretofore set forth, so far as the provisions as to investments in real estate are concerned. In this case the Appellate Court of the Second District held that the conservator had no right to invest the funds of his ward in these notes as they were not secured by a first mortgage on real estate, and that an investment of money by the conservator in notes secured by a mortgage which gives other notes an equal lien is not an investment in a good first mortgage as contemplated by our statute. In the *Sargent* case is cited the case of *People v. Mitchell,* 223 Ill. App. 8. In the *Mitchell* case the State treasurer held funds derived from the sale of the Kaskaskia Commons and was directed by statute to invest these funds in certain specified bonds which we will not set out because not involved, "or good first mortgages on real estate."

The treasurer did invest funds in 30 bonds which were a part of a series of bonds secured by a first mortgage or trust deed on certain real estate. The same contentions were raised in that case as were raised in the present case, and the court said: "In our opinion the statute in question only permits the investment of these funds in notes secured by a mortgage on real estate which gives those notes, *and those notes only,* a first lien on that real estate, and the investment of the same in notes secured by a first mortgage which gives to other notes an *equal lien* is not an investment under a 'good first mortgage' as contemplated by the act of 1909."

Counsel for appellants try to draw a distinction between the statute in the *Mitchell* case, and the statute in the *Sargent* case, and the one under consideration in this case in regard to guardians. We fail to follow them in their reasoning and it appears to us that in all three cases the legislature intended that the investment in loans upon real estate, whether made by a guardian, a conservator, or the State treasurer in handling the special funds derived from the sale of the Kaskaskia Commons, must be secured by a mortgage or trust deed which is a first lien and securing solely the evidence of indebtedness held by the guardian, conservator or State treasurer. No case is cited to us which holds to the contrary. We, therefore, hold that the investment in question was not a proper investment for the guardian to make of her ward's funds. It was admitted by the stipulation that the appellants knew that Cora C. Lutz was acting as guardian and was investing the funds of her ward at the time said investment was made, and we, therefore, affirm the finding of the court that the appellants should be required to refund to the petitioner the amount of the investment, together with compound interest from the date when the last interest payment was made.

Appellants complain that the circuit court committed error in holding that the statute required the guardian to apply to the probate court for authority to·make the investment before it was actually made. An inspection of the order shows that the court did not so hold, but did hold that because Cora C. Lutz as guardian reported said investment to the probate court in three annual reports which were approved by said court, but did not otherwise report said investment and otherwise procure any approval of said investment from said court, she did not comply with the statute and that the investment never was approved by the probate court in accordance with the statute. Under the provisions of the statute heretofore set forth it is provided that the guardian shall keep his ward's money at interest upon security to be approved by the court. In construing this section our Supreme Court, in *Hayes v. Massachusetts Mut. Life Ins. Co.,* 125 Ill. 626, said: ''Under the provisions of that section, as under this, in order to legalize the act of the guardian, and render it binding upon the ward, the approval of the court was required, and the provision here involved must be held to be mandatory.'' It is not mandatory that the approval be had before the loan is made, but it is mandatory it be approved by the court. It is true that three times the guardian filed annual reports reporting the investment in question to the probate court of Sangamon county, and that said three annual reports were approved by that court. However, the mortgage was never exhibited to the court for consideration because it was never in the possession of the guardian, and if it had been exhibited to the court it would have shown it was in the name of Eugene E. Fayart. We think it clear that the annual reports contemplated a production in the court of the securities held,. and as that could not have been done in this case we are constrained to hold in accord-

ance with the finding of the trial court that the investment in question was never approved by the probate court of Sangamon county in accordance with the statute. Appellants cite *Bruner v. Estate of Wolford,* 356 Ill. 514, as holding directly to the contrary. In our opinion the facts are entirely different and not applicable to the case at bar.

Appellants in their reply brief attempt to raise some question as to the propriety of this form of action. Inasmuch as the question was not raised in the trial court, or in appellants' original brief, or in their errors relied upon, it is not properly before this court. In conclusion appellants insist that the practice of approving investments of this character has been common over a long period of years throughout the State of Illinois. There is no evidence of this in the record, but if it is true it is time the practice is stopped, and the statute complied with. It certainly furnished no excuse for this court to acquiesce in the practice at this time.

For the reasons hereinabove set forth the order entered by the circuit court of Sangamon county on September 28, 1934, ordering and directing Eugene E. Fayart and Louis E. Fayart jointly and severally forthwith to pay and deliver to the petitioner, John P. Lutz, as guardian of Robert M. Lutz, minor, the principal sum of $5,000, with interest thereon at the rate of six per cent per annum, compounded with annual rests from the 1st day of April, 1930; that is to say, in the total aggregate amount of $6,495.42 and costs, and that in default of such payment within 30 days execution issue, is hereby affirmed.

*Order affirmed.*